A trial court is authorized to review the conditions of a defendant's release upon a showing of good cause, and I am concerned that the majority opinion may be interpreted as holding that the trial court was not authorized to review the conditions of Stokes's release. Although I agree with the majority that § 15-13-26, Ala. Code 1975, does not authorize a review of the conditions of release, the factors resulting in an insufficiency of the bond, as contemplated in § 15-13-26, may provide good cause for modifying the conditions of the defendant's release.
The trial court's authority to review the conditions of Stokes's release has its basis in Rule 7.4(b) and 7.5(b), Ala. R.Crim. P.
Rule 7.4(b), Ala. R.Crim. P., provides:
 "If the defendant is in custody, the judge or magistrate may, for good cause shown, either on its own initiative or on application of either party, modify the conditions of release, after first giving the parties an adequate opportunity to respond to the proposed modification."
Rule 7.5(b), Ala. R.Crim. P., provides:
 "(b) Hearing; Review of Conditions; Revocation of Release. If, after a hearing on the matters set forth in the motion [of the prosecutor seeking a revocation of release], the court finds that the defendant released has not complied with or has violated the conditions of release, or that material misrepresentations or omissions of fact were made in securing the defendant's release, the court may modify the conditions or revoke the release."
 In his habeas petition, Stokes states:
 "On March 14, 2007, Robert and Sherry Vick, who had pledged their real property on April 18, 2006, to secure [Stokes's] bond, decided that they no longer wanted to act as a surety and secure [his] bond with their property. Their withdrawal from [Stokes's] bond resulted in his re-arrest that same day."
The procedural facts of this case satisfy Rule 7.4(b), and the trial court had the authority to conduct a hearing to review the conditions of Stokes's release. Stokes, by his own admission, was "rearrested" because the Vicks withdrew as sureties; therefore, he was "in custody" for purposes of Rule 7.4(b). The State moved to revoke Stokes's bail, arguing that a material change in the status of Stokes's release had occurred. The trial court could, under Rule 7.4(b), consider the State's motion and conduct a hearing to determine whether good cause warranted amending the conditions of Stokes's release.
In its motion to revoke Stokes's release, the State maintained:
 "The indictment of [Stokes] by the Bibb County Grand Jury represents a material change in the status of this *Page 857 
matter. Said Grand Jury found probable cause that [Stokes] shot Syble Stokes in the back of the head with a .22 caliber rifle while she was sleeping, and that [Stokes] fabricated evidence of an attack on his person by an unknown assailant which rendered him unconscious to the murder.
 "[Stokes] presents [a] substantial flight risk in light of his recent indictment and erosion of family support. [Stokes] is a trained and accomplished airplane pilot. [Stokes's] current bond amount is insufficient to ensure his presence for trial in light of the recent changes in circumstances.
 "§ 15-13-26, Code of Alabama, (1975) states: `[t]he court before which any defendant is bound to appear may require him to enter into a new undertaking when it appears to the court that the original undertaking was insufficient when entered into or has since become insufficient from any cause whatever.' (Emphasis added.) The fact that family members have removed property from [Stokes's] bond requires a hearing to review the sufficiency of said bond."
The State, however, did not develop evidence at the hearing to support a finding that Stokes "ha[d] not complied with or ha[d] violated the conditions of release, or that material misrepresentations or omissions of fact [had been] made in securing the defendant's release." Rule 7.5(b), Ala. R.Crim. P. Evidence at the hearing included testimony from two of the exonerated sureties and the transcript of the preliminary hearing at which Stokes was ordered bound over to the grand jury. After considering the evidence, the trial court made the following findings of fact in support of its order to amend the conditions of Stokes's release:
 "a. Testimony presented at the preliminary hearing suggested that Stokes shot and killed his wife of thirty-five years with a .22 rifle while she was sleeping in their bedroom because he feared she would take all of his money and possessions in a divorce.
 "b. Stokes attempted to hide his criminal act by staging a home invasion. He told police that he had been beaten unconscious with a brick by an intruder; however, the injuries he received from this alleged Vicious' beating were minor. He also lied to police, denying he had bought .22 gauge ammunition two days before his wife's murder.
 "c. Evidence suggests that Stokes further attempted to hinder the investigation by burning his computer and destroying tangible evidence of the affair he was allegedly having with [C.B.]. Furthermore, Stokes instructed [C.B.] to lie to police about their relationship and warned her that no one would believe her if she did reveal their relationship.
 "d. Testimony at the preliminary hearing also indicates that Stokes admitted he killed his wife to [C.B.] and [another individual].
 "e. If convicted, Stokes, a fifty-five-year-old man, is facing a potential life sentence."
While each of these factual findings support the setting of bail in an amount outside the range recommended by the bail schedule to ensure Stokes's appearance for trial and to discourage him from attempting to further intimidate State's witnesses, destroy evidence, or hinder the investigation of this case, these findings do not satisfy the requirements for amending the conditions of release as required by Rule 7.5(b), Ala. R.Crim. P. — they do not indicate that Stokes violated a condition of his release or that material misrepresentations or omissions of fact were made in securing his release. Thus, the State did *Page 858 
not satisfy its burden, and I conclude that Stokes is entitled to habeas relief for this reason and not, as the majority concludes, because § 15-13-26, Ala. Code 1975, does not authorize amending the conditions of his release.
Additionally, the majority cites § 15-13-119, Ala. Code 1975, in support of its conclusion that new bail set for Stokes upon exoneration of the sureties had to remain in the same amount as the original bail. Section 15-13-119 provides: "If there is no warrant of arrest pending for the defendant's arrest, then the original approving officer may discharge the defendant on his or her giving new bail in the same amount." "[T]he word `may' denotes a permissive act, as opposed to a mandatory act." Ex parte James, 836 So.2d 813, 831
(Ala. 2002)(Houston, J., concurring specially). Therefore, § 15-13-119 does not require, as the majority seems to conclude, that the approving officer discharge the defendant on his giving new bail in the same amount as the original bail.